IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **JENNIFER ANN FOX,** | ) | CASE NO. 5:19 CV 1301 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| **COMMISSIONER OF SOCIAL** | ) | |
| **SECURITY,** | ) | Magistrate Judge David A. Ruiz |
| | ) | |
| Defendant. | ) | **MEMORANDUM OPINION** |

This matter is before the Court on the Report and Recommendation of Magistrate Judge David A. Ruiz (Docket #15), recommending that the Commissioner of Social Security's final determination denying Plaintiff, Jennifer Ann Fox's Application for a Period of Disability ("POD") and Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 416(i), 423 *et seq.* be affirmed.

I.  **Procedural Background.**[1]

As set forth by the Magistrate Judge, the procedural background in this case is as follows:

On September 12, 2012, Fox protectively filed an application for a POD

---

[1] Ms. Fox's Personal Background Information, Relevant Medical Evidence, and the ALJ's specific Findings of Fact and Conclusions of Law are set forth in the Report and Recommendation at pages 3-10.

and DIB, alleging disability beginning June 29, 2012. (R. 10, Transcript (Tr.), at 12, 150-151, 168-169, 181-192). The application was denied initially and upon reconsideration, and Fox requested a hearing before an administrative law judge (ALJ). Id. at 12, 65-81, 82-95, 96-99, 107-108. Fox participated in the hearing on November 21, 2014, was represented by counsel, and testified. Id. at 29-68. A vocational expert ("VE") also attended the hearing and provided testimony. Id. at 31, 62-66. On December 18, 2014, the ALJ issued the first decision and Fox was found not disabled. (R. 10, tr., at 12-23; see generally 20 C.F.R. § 404.1520(a)). The Appeals Council denied Fox's request for review, and then ALJ's decision became the Commissioner's final decision. Id. at 1-3. Fox filed a complaint in district court challenging the decision (Fox v. Colvin, No. 5:16CV1606 (N.D. Ohio)), and the case was remanded by joint stipulation of the parties. (R. 10, tr., at 836). The Appeals Council then issued a remand order, finding that the first decision did not comply with the fibromyalgia guidelines in Social Security Ruling (SSR) 12-2p, and directing the ALJ to further evaluate claimant's impairment pursuant to SSR 12-2p. Id. at 901-902.

A different ALJ held the second hearing on March 9, 2018. (R. 10, tr., at 737-790). Fox participated in the hearing, was represented by counsel, and testified. Id. at 739, 746-775. A new vocational expert attended the hearing and provided testimony. Id. at 739, 777-788. On May 10, 2018, the ALJ issued the second decision, concluding that Fox was not disabled. Id. at 692-705. The Appeals Council denied Fox's request for review, thus rendering the second ALJ decision the Commissioner's final decision. Id. at 682-684. Fox filed a second complaint in district court challenging the Commissioner's final decision, pursuant to 42 U.S.C. § 405(g). The parties have completed briefing in this case. Fox argues the ALJ erred when analyzing her pain and fibromyalgia, rejecting a functional capacity evaluation, and posing a hypothetical question to the VE that did not reflect plaintiff's residual functional capacity. (R. 12, PageID #: 1317, 1326).

(Docket #15 at Pages 1-2.)

**II.     Report and Recommendation.**

The Magistrate Judge issued his Report and Recommendation on July 8, 2020 (Docket #15), finding the ALJ's determinations to be supported by substantial evidence and recommending Commissioner's final decision be affirmed.

On July 21, 2020, Plaintiff filed Objections to the Report and Recommendation. (Docket #16.) On August 4, 2020, the Commissioner of Social Security filed a Response to Plaintiff's

Objections.  (Docket #17.)

### III.  Standard of Review for a Magistrate Judge's Report and Recommendation.

The applicable district court standard of review for a magistrate judge's report and recommendation depends upon whether objections were made to the report.  When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case *de novo*.  FED. R. CIV. P. 72(b) provides:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

The standard of review for a magistrate judge's report and recommendation is distinct from the standard of review for the Commissioner of Social Security's decision regarding benefits.  Judicial review of the Commissioner's decision, as reflected in the decisions of the ALJ, is limited to whether the decision is supported by substantial evidence.  *See Smith v. Secretary of Health and Human Servs.*, 893 F.2d 106, 108 (6th Cir. 1989).  "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way."  *Casey v. Secretary of Health and Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993) (citation omitted).

### IV.  Conclusion.

This Court has reviewed the Magistrate Judge's Report and Recommendation *de novo* and has considered the pleadings, transcripts, and filings of the parties, as well as the objections to the Report and Recommendation filed by Plaintiff and the Commissioner's response thereto.  After careful evaluation of the record, this Court adopts the findings of fact and conclusions of

law of the Magistrate Judge as its own.  Magistrate Judge Ruiz thoroughly and exhaustively reviewed this case, correctly applied the applicable law, and properly found the ALJ's decision to be supported by substantial evidence.

Accordingly, the Report and Recommendation of Magistrate Judge Ruiz (Document #15) is hereby ADOPTED.  The Commissioner of Social Security's final determination denying Plaintiff, Jennifer Ann Fox's Application for a Period of Disability ("POD") and Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 416(i), 423 *et seq.* is hereby AFFIRMED.

This case is hereby TERMINATED.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
Senior United States District Judge

DATED: August 5, 2020